CARMEN PÉREZ DE LÁTIMER, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, JAIME FRANK PAGANACCI, JUDGE, Respondent; THE PEOPLE OF PUERTO RICO, Intervener.

No. C-62-23. Decided March 21, 1963.

*Gutiérrez & Ramírez* and *Carlos G. Látimer* for petitioner. *J. B. Fernández Badillo, Solicitor General, Arturo Estrella, Acting Solicitor General,* and *Jorge Segarra Olivero, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Petitioner Carmen Pérez de Látimer was detained on October 11, 1961 by two peace officers for the offense of driving an automobile in a state of intoxication. She was conducted

to the Investigating Section of the District Court of San Juan, where the judge in chambers, after hearing the officers' testimony, determined that there was no probable cause against petitioner and exonerated her.

Shortly thereafter the said peace officers gave sworn statements before the district attorney. The district attorney, "after taking proper steps." [1] filed an information and submitted the preliminary investigation, consisting of three statements, to a superior judge who determined on December 13, 1961 that there was probable cause against petitioner for the offense provided in § 5–801 of Act No. 141 of June 1960, known as the Vehicle and Traffic Law of Puerto Rico (9 L.P.R.A. § 1041). That magistrate ordered petitioner's arrest and fixed bail at $500 for her provisional release.

On January 18, 1962 the district attorney filed an information against petitioner charging her with a violation of § 5–801 *supra* of that Act.

On February 23, 1962 petitioner filed a motion to dismiss based on the constitutional provisions which guarantee a speedy trial to every accused and predicated also on the provisions of subd. 1 of § 448 of the Code of Criminal Procedure of Puerto Rico (34 L.P.R.A. § 1631). It was alleged, briefly, that the information was not filed within 60 days after the date on which defendant was held to answer.

The arraignment was set for March 7, 1962. Petitioner appeared at the hearing represented by her attorney, who before arraignment raised the question alleged in the motion to dismiss referred to. The question having been argued by both parties without documentary evidence or of any other kind having been presented in support of the motion, the trial court entered an order denying the motion to dismiss and ordering petitioner's arraignment.

---

[1] The district attorney's authority to take such action is expressly recognized by § 30 of the Code of Criminal Procedure, 34 L.P.R.A. § 60.

Feeling aggrieved by such order, petitioner filed this petition for certiorari and on April 5, 1962 we issued the writ requested.

Petitioner maintains that the order of the trial court refusing to decree the dismissal in above-entitled case is erroneous, since more than 60 days had elapsed since the date she was held to answer until the filing of the information.

Basing her contention on the cases of *People* v. *Super. Court; Figueroa, Int.,* 81 P.R.R. 445 (1959), and *Martínez* v. *Superior Court,* 81 P.R.R. 913 (1960), she contends that she was "held to answer" as of her detention on October 11, 1961. She bases her contention on the following fragment of the opinion in the case of Figueroa, *supra.*

"...In cases of felonies as well as misdemeanors, in the case of a complaint or an information, regardless of whether it was a justice of the peace, a prosecuting attorney, or a policeman who initiated the proceedings, the period began to run at the time of the arrest or detention of a person for the commission of a public offense."

◼ Assuming that petitioner's detention on October 11, 1961 placed her in a position of having to answer for a public offense, such state ceased and in law it ceased to have any consequence when petitioner was exonerated and set free the same day by the magistrate before whom she was conducted. The 60-day period provided by § 448 of the Code of Criminal Procedure started to run, for the purpose of determining whether an information in this case has been timely filed, on the date of petitioner's arrest ordered by the magistrate who determined probable cause in this case on December 13, 1961. The record does not disclose the exact date of the arrest or whether it was carried out; however, be it as it may, we have no doubt that the 60-day period has not elapsed from the date the arrest was ordered since the information is dated January 18, 1962. In *Figueroa, supra,* at p. 453, we held that the 60-day period provided by

§ 448, *supra*, begins to run, in the case of individuals, from the date of the arrest or detention of the person for the commission of an offense. Of course, neither this case nor any other case in Puerto Rico decides specifically the question raised in the present case. However, the cases which we discuss below serve as pattern which justifies the determination that in this case the 60-day period should not be counted as of petitioner's first detention on October 11, 1961.

In *People* v. *Comas*, 75 P.R.R. 388 (1953), in a situation in which a defendant was arrested on May 2, 1952, the information was filed on June 16 of the same year and on the following August 11 the trial court sustained a demurrer but ordered the prosecuting attorney to file a new amended information, which was filed on the 15th of that month, we held that the dismissal of the cause was not in order because the 60–day period provided by § 448 *supra* had elapsed, since this provision does not cover a procedural situation such as that in this case under § 157 of the Code of Criminal Procedure, 34 L.P.R.A. § 368.[2]

In *People* v. *Mercado*, 46 P.R.R. 797 (1934), two informations were filed. The first of March 19, 1932, for an offense of petit larceny, was dismissed on appeal from the former Municipal Court of San Sebastián to the District Court of Aguadilla. The second of October 1, 1932 charged defendant with the same offense. He admitted the facts of the second information, but moved for dismissal on the ground that the 60–day period provided by § 448 *supra* had elapsed. We held that under these circumstances § 157 of

---

[2] Section 157 of the Code of Criminal Procedure provides:

"If the demurrer is allowed, the judgment is final upon the information demurred to, and is a bar to another prosecution for the same offense, unless the court, being (is) of the opinion that the objection on which the demurrer is allowed may be avoided in a new information, and directs a new information to be filed; *Provided*, That after such order of resubmission the defendant may be examined before a justice of the peace and discharged or committed by him, as in other cases."

784

the Code of Criminal Procedure was not applicable and that the 60–day period "did not run from the date at which the defendant was released from the complaint on appeal from the Municipal Court of San Sebastián," and lastly, *that the 60– day period had not elapsed "from the time of the new arrest in September on the presentation of the information," namely, October 1 of that year.* (Italics ours.)

In *Ex parte Sánchez*, 45 P.R.R. 38 (1933), the Municipal Judge of Orocovis ordered the arrest of Antonio Rubero on November 17, 1932 to answer for the charge of the offense of attempt to commit rape. Having been arrested, defendant was released on bail on the 30th of that month. By order of the dictrict attorney a new information was filed against Rubero on February 13, 1933, for the offense of burglary in the second degree instead of attempt to commit rape, and the case was heard on the 21st of that month and he was found guilty. Defendant moved at the trial for dismissal of the case on the ground that the 60–day period provided by § 448 *supra*, counted as of the date of his arrest on November 17, 1932, had expired. We held that in principle there is nothing in common between the offense of rape and that of burglary, and that the trial court "correctly interpreted the statute in denying defendant's motion to dismiss the prosecution."

In *People* v. *Soto*, 40 P.R.R. 390 (1930), we held that when an arrest has no legal force and the person is then arrested and accused within 60 days following the second arrest, the period prescribed by § 448 *supra* begins to run from the second and not from the first arrest.

In the cases of Mercado, Sánchez, and Soto, *supra*, the 60–day period was not counted as of the date of the first arrest either because the cause involved was filed or substituted, or because the arrest had no legal force. In the case under consideration defendant was detained, conducted before a magistrate who exonerated her upon finding that there was no probable cause, as a result of which her deten-

tion ceased, it no longer had any juridical effectiveness, and defendant was set free as to her person and free "from anxiety, public suspicion and the economic and moral harm produced by a criminal accusation." She was not imprisoned or on bail since then. Furthermore, we do not believe that the time elapsed from the date of the first arrest until the information was filed has been the cause for the witnesses' dispersion, or that their recollection of the facts has become uncertain, or that the evidence is not available. In such event, plaintiff would have been bound to establish it and she failed to do so. Thus, the right to a speedy trial was not violated in this case and the need to compel compliance with the purpose of § 448, *supra*, outlined in *Figueroa, supra*, at p. 460, did not arise.

■■ The Solicitor General urges us to clarify the doctrine announced in *Figueroa, supra*, establishing at this time that the "arrest" referred to in that case is the arrest which is carried out by the issuance of bench warrants, and that the term "detention" refers to those cases of restriction of freedom which entails the commitment of defendant, or his release on bail, or under the custody of some person designated by a court, and that these restrictions must be preceded by a determination of probable cause. Thus, the 60-day period provided in § 448 of the Code of Criminal Procedure would begin to run as of the date of an "arrest" or a "detention" of that type. The Solicitor General maintains, a contrario sensu, that the arrests or detentions which are not of the nature hereinabove outlined, namely, those carried out for offenses committed in the presence of a police officer or of some other kind, do not place the persons detained or arrested in the position of "held to answer" within the context of § 448 *supra*. Since we need not decide this question for the purposes of the case before us, we defer its consideration for another occasion in which it may be necessary to consider the same for the purposes of disposing of a cause.

For the reasons stated, the writ issued will be quashed and the case remanded for further proceedings not inconsistent with this opinion.